1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ANDREW M. SCOBLE (CABN 124940)
   RAVI T. NARAYAN (IABN AT0011948)
5  Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (415) 436-7249/7369
      Fax: (415) 436-7234
8     Email: andrew.scoble@usdoj.gov
      Email: ravi.narayan@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                        SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,        )  **CASE NO. CR 18-0119 RS**
                                      )
15 |     Plaintiff,                   )  **[PROPOSED] ORDER DETAINING**
                                      )  **DEFENDANT AND DENYING DEFENDANT'S**
16 |     v.                           )  **MOTION FOR TEMPORARY RELEASE**
                                      )
17 | EDDY URBINA,                     )
                                      )
18 |     Defendant.                   )
                                      )
19

20      On March 20, 2018, defendant Eddy Urbina was charged by Indictment with two counts of

21 Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1), as well as several other offenses

22 related to racketeering. (Dkt. 1). He made his initial appearance on the Indictment on April 6, 2018,

23 and subsequently waived findings as to detention. (Dkt. 11, 33). On April 16, 2020, the defendant filed

24 a "Motion for Reconsideration of Detention Order and Request for Temporary Release," citing primarily

25 his recent positive test for COVID-19. (Dkt. 263). On April 19, 2020, the government filed an

26 opposition to the motion, which included a factual proffer in support of detention. (Dkt. 268).

27      This matter came before the Court on April 20, 2020 for argument. The defendant, whose

28 presence was waived by counsel in light of his quarantine status, was represented by Shaffy Moeel and

[PROPOSED] DETENTION ORDER                1                                      v. 11/01/2018
CR 18-0119 RS

James Thomson.  Assistant United States Attorneys Andrew Scoble and Ravi Narayan represented the government.  The parties appeared by telephone.

At the hearing, the parties made oral arguments to supplement their written motions.  The defendant argued that his positive COVID-19 test constituted a compelling reason for temporary release.  He requested temporary release to live with family members, including his mother.  He argued that, due to risk factors including being overweight and having a Body Mass Index over 40, he should be allowed to recover while at home, rather than in custody.  He argued that any danger he posed to the community was mitigated by the age of the murder charges, which are based on conduct from 2008, as well his mother's willingness to post her house as collateral.

The government argued that the defendant posed both a danger to the community and a risk of flight.  The government pointed to the gravity of the charges the defendant faces, which include allegations that he was a triggerman in a double murder.  The government proffered that the defendant has been a longtime member of a racketeering enterprise known as the 19th and 16th Street Sureños, and that he continued to engage in criminal conduct after allegedly perpetrating the 2008 double murder.  The government further argued that because the defendant faces mandatory life imprisonment if convicted of either murder charge, he has a strong incentive to flee if released from custody.  In addition, the government disputed that COVID-19 constituted a compelling reason for release.  The government argued that Santa Rita Jail was and is well-positioned to enforce the defendant's quarantine and to provide him appropriate medical supervision.  The government further argued that the defendant, if released, would pose an infection risk to others and would not receive better care than he was receiving in custody.

Upon consideration of the facts, proffers and arguments presented both orally and in writing, and for the reasons stated on the record, the Court finds: (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community; and (2) by a preponderance of the evidence that the defendant poses a risk of nonappearance.  Furthermore, the Court finds that, while the there is some showing that the defendant would benefit from release to live with his mother and family, he has failed to demonstrate a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).  Accordingly, the defendant must

be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion: (1) the defendant poses a danger to the community which cannot be mitigated by any combination of release conditions; and (2) the defendant poses a risk of flight should he be released. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 24, 2020

HON. THOMAS S. HIXSON
United States Magistrate Judge